UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KENNETH LOVE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00185 |
| CSX TRANSPORTATION, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Kenneth Love moves to reconsider the Court's decision granting CSX Transportation, Inc.'s ("CSX") motion for summary judgment on his claims challenging his termination due to race under Title VII and 42 U.S.C. § 1981. (Doc. Nos. 50, 52). For the following reasons, the motion will be granted and this case will proceed to trial.

Love argues that the Court erred because he presented evidence of similarly situated white employees who were not terminated, even though their conduct was the same or worse than his conduct. Love claims that he can prove at trial that his "proposed comparator[s] have engaged in acts of comparable seriousness." Clayton v. Meijer, Inc., 281 F.3d 605, 610 (6th Cir. 2002) (quotation omitted).

The Sixth Circuit discussed the "comparable seriousness" analysis in Bobo v. UPS, 665 F.3d 741, 751 (6th Cir. 2012). There, the plaintiff was terminated after allegedly falsifying safety documents. Id. at 747. Although arising in the context of the proper scope of discovery prior to a summary judgment motion, the Court clarified the "comparable seriousness" analysis. The court explained that the plaintiff was "not required to demonstrate an exact correlation between himself and others." Id. at 751–752. Instead, a plaintiff can avoid summary judgment by comparing himself

to other employees who, among other things, engaged in conduct of similar kind and severity. Id. at 751.

Here, Love identifies, at least four white CSX employees who may have engaged in conduct of similar type, nature and severity as his, but were not terminated: J.R. Pate, D.S. Belew, E.D. Van Dyke, and J.K. Cooper. These individual comparators were subject to the same or substantially same employment standards as Love, and shared the same supervisor, Brad Batson or his immediate successor, Jeffrey Layne. (Id. ¶¶ 40, 45–46, 49).[1] The Court finds that these four employees engaged in conduct sufficiently similar to Love's conduct to require denial of CSX's motion for summary judgment.

J.R. Pate

While investigating a possible mobile device alert on June 28, 2020, CSX discovered that Pate was "sleeping and smoking in the cab of the locomotive while it was moving." (Doc. No. 38, CSX's Response to Love's Statement of Additional Undisputed Facts ¶ 49). CSX charged Pate with a "major" violation of the CSX Operating Rules and imposed a 5-day administrative suspension. (Id. ¶¶ 40, 49).

CSX contends that Pate's conduct is not similar to Love's because Pate was a conductor while Love was an engineer. (Doc. No. 31 at 5). However, it appears that CSX's Rule 30(b)(6) witness Macon Jones testified that, even though they have some unique duties, engineers and conductors must "work together to accomplish the task" of safely operating a train. (Jones Dep.,

---

[1] Although CSX points out that Jeffrey Layne supervised Pate, while Batson supervised Love, Belew, Van Dyke, and Cooper, such a distinction is not dispositive. The Sixth Circuit has "never read the same supervisor criterium' as an 'inflexible requirement," and courts should not give "whether a comparator was working for the [exact] same supervisor . . . significant weight" depending upon the company's general management structure. Redlin v. Grosse Pointe Pub. Sch. Sys., 921 F.3d 599, 610 (6th Cir. 2019).

2

Case 3:21-cv-00185   Document 59   Filed 09/23/22   Page 2 of 4 PageID #: 2114

Doc. No. 36-8 at 51–52). Moreover, Love will testify that conductors are the "manager" of the locomotive and have "more responsibilities" than engineers, who are only "heavy equipment operator[s]." (Love Dep., Doc. No. 36-1 at 55, 66).

A reasonable juror could conclude that Love received a harsher punishment for substantially identical conduct, despite having the same or fewer responsibilities as Pate. Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 777–78 (6th Cir. 2016) (reversing summary judgment in favor of employer where plaintiff "sufficiently demonstrated that [comparator's] actions were nearly identical" to her conduct). If true, Pate's more favorable discipline is enough to present an inference that race may have been the real reason for Love's termination.

D.S. Belew, E.D. Van Dyke, and J.K. Cooper

Belew, Van Dyke, and Cooper are also similar to Love because they committed "major" violations due to conduct arguably more serious and concerning than Love. Belew, while working as a locomotive operator, "failed to control slack in his train resulting in a 23-car derailment." (Doc. No. 38, CSX's Response to Love's Statement of Additional Undisputed Facts ¶ 40. Van Dyke's conduct consisted of two rule violations when he "failed to ascertain [a] route was lined resulting in a run thru switch derailment." (Id. ¶ 45). Finally, Cooper, "fail[ed] to observe the warning board resulting in [a] banner strike at 38 mph." (Id. ¶ 46). Unlike Love, these comparators, received a suspension allowing an inference that CSX treated Love more harshly than white employees. This is especially so because CSX has failed to explain why their conduct deserved such favorable treatment. Love satisfies his burden at the prima facie stage. He is an African American, qualified to be an engineer, and was terminated by CSX even though at least four white employees were not terminated for their arguably more serious conduct. See Jones v. Potter, 488 F.3d 397, 406 (6th Cir. 2007) (finding plaintiff established a prima facie case where a jury could

3

conclude that plaintiff "was treated more harshly than similarly situated employees"). The Court erred in finding otherwise.

CSX has articulated a legitimate, nondiscriminatory reason for its decision to terminate Love. Specifically, his admission to falling asleep and passing a stop signal without permission, a "major" violation of Operating Rule 504.20 under the IDPAP. (Doc. No. 35, Response by Love to CSX's SUMF ¶¶ 6, 8). However, Love's evidence that at least four employees likely violated CXS's work rules under circumstances the same or worse than Love allows a jury to find that race may be the real reason for Love's termination. Briggs v. Univ. of Cincinnati, 11 F.4th 498, 513 (6th Cir. 2021) (holding that a plaintiff's discrimination claim survives summary judgment when the record contains "enough evidence to support a prima facie case and to rebut, but not to disprove, the defendant's proffered rationale").

Summary judgment is not warranted. Love's Motion for Reconsideration (Doc. No. 52) is **GRANTED**. The Court's prior Memorandum Opinion and Order dismissing Love's race discrimination claims (Doc. Nos. 49, 50) is **VACATED**, and CSX's motion for summary judgment (Doc. No. 30) is **DENIED**.

The Court sets a status conference on **November 16, 2022,** at 11:30 a.m. to set a new trial date.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE